UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

AMANDA ATKINSON,

Plaintiff,

v.                                                    Case No.  3:21-cv-00449

MICHAEL J. REIS, MICHAEL J. REIS
TRUST, and NANCY E. REIS TRUST,

Defendants.

# COMPLAINT

AMANDA ATKINSON, by her attorneys, DAVIS & PLEDL, SC, by Victoria Davis Dávila and Robert Theine Pledl, states the following as her Complaint:

## I. INTRODUCTION

1.  This action is brought under the disability provisions in the Fair Housing Act. Plaintiff Amanda Atkinson uses a wheelchair because of her disabilities. Her mother, Barbara Atkinson, contacted Defendant Michael Reis about an apartment in Spooner, Wisconsin that was advertised for rent. The apartment has a ground level entry and other features which were appropriate for the Plaintiff without the need for any physical modification of the premises. During a telephone conversation and during a separate in-person meeting, Mr. Reis stated that he would not rent that apartment to the Plaintiff because she uses a wheelchair.

## II. JURISDICTION AND VENUE

2.  This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331.

3.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to issue

an order under Wis. Stat. §701.0401(4) authorizing the creation of a special needs

trust that complies with Wis. Stat. §49.454 and 42 U.S.C. §1396p(d)(4); and also an

order authorizing the transfer of damages received by the Plaintiff into that trust to

maintain the Plaintiff's eligibility for government benefits.

4.  Venue is proper pursuant to 28 U.S.C. §1391(b) because the events giving rise

to Plaintiff's claims occurred in the Western District of Wisconsin.

### III. <u>PARTIES</u>

5.  Plaintiff Amanda Atkinson is an adult resident of Shell Lake, Wisconsin. She

has a disability[1]  as defined in 42 U.S.C. §3602(h): "a physical or mental impairment

which substantially limits one or more of such person's major life activities." Her

disability substantially limits the major life activities of caring for oneself,

performing manual tasks, eating, walking, standing, lifting, bending and working.

She receives Supplemental Security Income and Medicaid benefits based on a

disability determination and a financial means test.

6.  Defendant Michael J. Reis is an adult resident of Spooner, Wisconsin.

Individually and through the Michael J. Reis Trust and Nancy E. Reis Trust, Defendant

Reis owned and operated an apartment building at 121 W. Beaver Street, Spooner,

Wisconsin ["subject property"] at all relevant times.

7.  Defendant Michael J. Reis Trust is a trust established under Wisconsin law. It

was co-owner of the subject property at all relevant times.

---

[1] The Fair Housing Act uses the word "handicap" but more recent statutes like the
Americans with Disabilities Act, 42 U.S.C. §12102, and human service professionals in
general now prefer "disability" which will be used throughout this complaint.

8.  Defendant Nancy E. Reis Trust is a trust established under Wisconsin law. It was co-owner of the subject property at all relevant times.

## IV. FACTUAL ALLEGATIONS

9.  Defendant Michael J. Reis ["Defendant Reis"], Defendant Michael J. Reis Trust and Defendant Nancy E. Reis Trust were the owners and/or operators of the subject property, 121 W. Beaver Street, Spooner, Wisconsin, at all relevant times.

10.  Defendant Reis did not live in the subject property at any relevant time.

11.  Plaintiff had problems with her previous apartment shortly before the events described here and was looking for a new apartment.

12.  Barbara Atkinson is Plaintiff's mother and often assists her daughter in various ways. They were trying to find a new apartment for Plaintiff in October of 2019 when Barbara Atkinson saw a "for rent" sign outside of the subject property.

13.  In late November or early December of 2019, Barbara Atkinson called the telephone number listed on the "for rent" sign at the subject property. She spoke by telephone with Defendant Reis who said the apartment had two bedrooms and was available. Barbara Atkinson then disclosed that the apartment would be occupied by her daughter who uses a wheelchair. In response, Defendant Reis told her that he had never rented to a person who used a wheelchair before, he did not want to rent to anyone who uses a wheelchair, and so the answer was "no."

14.  On or around December 27, 2019, Barbara Atkinson saw an advertisement for a two-bedroom rental unit in a local publication. She called the telephone number listed in the advertisement and once again spoke with Defendant Reis. Barbara

3

Atkinson told Defendant Reis that she was looking for an apartment for her daughter and herself. Defendant Reis scheduled a time for her to view the apartment.

15.  Barbara Atkinson met Defendant Reis at the subject property on December 30, 2019. She observed that the apartment was very suitable for her daughter's use without any structural or other modification. Plaintiff would be able to enter the apartment in her wheelchair and utilize the apartment as constructed.

16.  During the apartment showing on December 30, Defendant Reis asked who would be living there. Barbara Atkinson told him it would be for her daughter and herself. Defendant Reis then said that he remembered speaking with her before about the same apartment and he again told her that he would not rent to anyone who uses a wheelchair.

17.  In January of 2020, a fair housing tester called about the same apartment. Defendant Reis confirmed his name, the apartment address and that the apartment was still available. He scheduled a showing with that caller, but then cancelled it when the caller said that she has multiple sclerosis and uses a wheelchair. He told the caller that he would not rent to someone who uses a wheelchair.

18.  Plaintiff needed to move from her previous apartment in October of 2019 because it was uninhabitable. She moved into her grandparents' home in Shell Lake for what was expected to be a temporary stay.

19.  The grandparents' home has stairs leading to the entryway and there are other interior stairs between levels. Plaintiff has a heavy motorized wheelchair. It was very difficult to lift it in or out of the grandparents' home. Once there, she remained on one level of the grandparents' house and no longer went to her

customary activities outside the home. She lived in her grandparents' home for three additional months because of Defendants' refusal to rent the subject property to her.

20.  Plaintiff preferred a two-bedroom apartment like the subject property so that in-home care providers would have a place to stay. The subject property is in a small town-house style apartment building. If she had been able to rent the subject property, she would have had easy access to her unit because the apartment has a private entrance from the parking area. Based on the design of the subject property, Plaintiff would have had more privacy and less interaction with other residents. Plaintiff preferred the location right in the City of Spooner because it would have been easier to hire in-home care providers.

21.  Plaintiff was unable to find an apartment to match her preferences following an extensive search. She was compelled to accept a less desirable option and moved into her current apartment on March 15, 2020.

22.  Plaintiff's current apartment has only one bedroom, so she does not have a separate bedroom for a care provider. It is in a large senior apartment building. There is limited parking and she must travel from the parking area through the lobby and down a long hall to reach her apartment. There is more interaction with the other residents, and unfortunately they complain about having a younger person with disabilities living in a building designated as senior housing. Also, Plaintiff's current apartment building is in a more rural area. Potential and actual in-home care providers have complained about both the location and the parking issues.

23.  Plaintiff has suffered harm including, but not limited to, emotional distress, inconvenience and loss of a housing opportunity as a result of Defendants' actions.

## V. <u>LEGAL CLAIMS</u>

24.  The actions of the Defendants described above have violated the Fair Housing Act by:

   a.  Discriminating in the rental of and denying a dwelling to Plaintiff because of her disability in violation of 42 U.S.C. §3604(f)(1)(A).

   b.  Imposing discriminatory rental terms or conditions because of Plaintiff's disability in violation of 42 U.S.C. §3604(f)(2)(A).

   c.  Refusing to make reasonable accommodation in the rules, policies, practices, or services, when such accommodations were necessary to afford Plaintiff an equal opportunity to use and enjoy a dwelling in violation of 42 U.S.C. §3604(f)(3)(B).

25.  Plaintiff has suffered damages as a result of the Defendants' violations of the Fair Housing Act. She is an "aggrieved person" under 42 U.S.C. §3602(i).

26.  Defendants' discriminatory actions were intentional, willful and in disregard of the Plaintiff's federally protected rights.

## VI. <u>RELIEF REQUESTED</u>

Plaintiff Amanda Atkinson requests the following:

   A.  A determination that the Defendants violated the Fair Housing Act.

   B.  An award of actual and punitive damages pursuant to 42 U.S.C. §3613(c)(1).

   C.  An order authorizing the creation of a special needs trust and the transfer of damages received by the Plaintiff into that trust.

   D.  An award of attorney fees and costs pursuant to 42 U.S.C. §3613(c)(2).

   E.  Such other relief as required by the interests of justice.

   F.  **A jury trial is requested pursuant to Federal Rule of Civil Procedure 38.**

Date: July 14, 2021

**DAVIS & PLEDL, SC**
*Attorneys for Plaintiff Amanda Atkinson*

By: /s/ Victoria L. Davis Dávila
Wis. State Bar No. 1081053
TEL    414-488-1351
Email  vldd@davisandpledl.com


By: Robert Theine Pledl
Wis. State Bar No. 1007710
TEL    414-488-1354
Email  rtp@davisandpledl.com

1433 N. Water Street – Suite 400
Milwaukee, WI  53202
FAX    414-978-7282